IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **BERNARDO BONILLA,** on behalf of himself and all other plaintiffs similarly situated, known and unknown, | ) ) ) **No.** 1:22-cv- |
| Plaintiffs, | ) ) **Hon.** |
| v. | ) District Judge ) ) |
| **NATIONAL CONTAINER GROUP, LLC AND MAUSER USA, LLC D/B/A MAUSER PACKAGING SOLUTIONS,** | ) Hon. ) Magistrate Judge ) ) |
| Defendants. | ) ) |

## COMPLAINT

NOW COMES Plaintiff, **BERNARDO BONILLA**, ("Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF THE BILLHORN LAW FIRM, and for his Complaint against Defendants, **NATIONAL CONTAINER GROUP, LLC** ("NCG") **AND MAUSER USA, LLC D/B/A MAUSER PACKAGING SOLUTIONS,** (individually "Mauser") (collectively, "Defendants"), state as follows:

**I.     NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq*.

## II.     JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 206-207, and supplemental jurisdiction over the Illinois claims, pursuant to 28 U.S.C. §1367(a).

3. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III.    THE PARTIES

4. Defendant, **NATIONAL CONTAINER GROUP, LLC**. ("NCG"), is a foreign corporation, doing business within this judicial district.

5. Defendant, **MAUSER USA, LLC**. ("Mauser"), is a foreign corporation, doing business as **MAUSER PACKAGING SOLUTIONS** within this judicial district.

6. Defendants are "enterprise(s)" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

7. Defendants were Plaintiff's "employer(s)" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 Ill. Comp. Stat. § 105/3, and the IWPCA, 820 Ill. Comp. Stat. § 115/2.

8. NCG and Mauser operate a packaging and container company, whose services include production of new packaging made from recycled content, reconditioning, reuse, recycling of materials and professional disposal to "companies all over the world.".[1]

9. Based upon information and belief formed after reasonably inquiry, Defendants satisfy the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

---

[1] https://www.mauserpackaging.com/en/About-us

10. Defendants (both NCG and Mauser) worked in concert to control the employee-employer relationship and acted directly or indirectly in relation to job and pay of their employees, including the Plaintiff.

11. Through the entire relevant period, each of the separate corporate-defendant entities and individuals that comprise of Mauser Packaging Solutions exercised total control as to Plaintiff's employment status, schedule and conditions of employment, rates and methods of payment and records.

12. Because each of the separate corporate-defendant entities and individuals that comprise Mauser Packaging Solutions were Joint Employers as defined by the FLSA throughout the duration of Plaintiff's employment over the course of the relevant period.

13. Each of Mauser Packaging Solutions' sperate corporate-defendant entities and related individuals are jointly and severally liable to Plaintiff and the Plaintiff Class under the FLSA.

14. Plaintiff's allegations of Joint Employer status as between each of Mauser Packaging Solutions' separate corporate entities, NCG and Mauser are incorporated throughout all references to the Defendants contained herein.

## IV. FACTUAL ALLEGATIONS

15. The named Plaintiff, at all times pertinent to this cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

16. Plaintiff was a former hourly employee of Defendants who, between approximately July 2006 and May 12, 2021, was employed by Defendants as a laborer.

17. Plaintiff was employed as a laborer. Plaintiff's job duties included cleaning the facility, unloading trailers, washing and repairing equipment, unloading and cleaning drums, and

on Saturdays cutting drums. Plaintiff was also assigned other manual labor tasks as assigned by Defendants and their management employees.

18. Plaintiff's regular schedule was 6:30 a.m. to 6:00 or 7:00 p.m. Monday through Friday and 5:00 a.m. to 1:30 p.m. on Saturday.

19. Plaintiff was an hourly employee. Plaintiff's hourly rate ranged from $14.00 to $15.30 per hour.

20. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

21. At times, Plaintiff worked over 40 hours in individual work weeks such that he was due overtime wages of one and one-half his regular hourly rate of pay.

22. However, on numerous occasions, Plaintiff's paycheck did not include all of the clocked overtime hours. Defendants only compensated Plaintiff for some of the overtime worked that week.

23. Sometimes, Defendants would pay outstanding overtime wages in the next paycheck, but even in those instances Defendants typically failed to pay all of the overtime wages earned by Plaintiff in prior weeks, as some overtime hours remained missing from the paycheck.

24. For instance, if Plaintiff worked fifty (50) hours in a workweek, he was paid for forty-five (45) hours, including forty (40) hours of straight time wages and five (5) hours of overtime wages while five (5) overtime hours were not paid. When Plaintiff complained to management about the error in his pay, he was told that it would be corrected in his next pay period. But the corrections rarely was corrected.

25. The resulted in failure by Defendants to pay all earned overtime wages.

26. Defendants, on a regular basis, failed to compensate Plaintiff for all hours worked, which resulted in additional non-payment of overtime.

27. Additionally, Defendants routinely made unauthorized and improper deductions from Plaintiff's pay.

28. As part of Plaintiff's job, he was required to wear a company uniform that bore the company name and logo. The deduction effectuated by Defendants regarding uniforms amounted to a uniform rental fee, as Plaintiff and other employees would periodically return uniforms to Defendants to be washed and cleaned and returned to them for re-use.

29. Defendants required Plaintiff to make an initial $300 deposit toward uniforms. In addition to the deposit, Defendants executed periodic uniform rental deductions which were removed from Plaintiff's pay throughout his employment with Defendants.

30. The amount of the deduction varied. At the start of Plaintiff's employment, the period uniform rental deduction was approximately $4.75. Eventually, the amount of the deduction increased to approximately $10. In the latter period of Plaintiff's employment, the amount of the deduction was reduced to approximately $3 or $4.

31. At no point during his employment was Plaintiff presented with a deduction authorization form by Defendants, as required by the IWPCA, as to any of the wage deductions suffered by Plaintiff.

32. Defendants informed Plaintiff that he would receive his $300 deposit back upon his separation from Defendants' employment. However, Plaintiff never received his $300 deposit back from Defendants and said deposit remains outstanding.

33. Furthermore, Plaintiff is owed additional back pay from Defendants through Defendants' failure to process an agreed-upon increase in his hourly rate.

34. In approximately January 2021, Plaintiff and Defendants entered into an agreement to increase Plaintiff's hourly rate of pay to $15.30 from $15.00 in exchange for continued work by Plaintiff.

35. Plaintiff was given a raise effective February 1, 2021, and Plaintiff performed the duties required of him in exchange for the increased rate of pay. However, Plaintiff did not receive the additional wages. Plaintiff received only $15.00 per hours instead of $15.30.

36. Plaintiff's raise was not processed until April 1, 2021 even though it was effective as of February 1, 2021.

37. As a result, Plaintiff was underpaid by Defendants and is due retro-pay in the amount of $824.53. See Exhibit 1.

38. Defendants failed to provide Plaintiff with payment for the owed retro-pay.

39. Defendants also failed to compensate Plaintiff for earned, unused vacation pay he accrued between August 2020 through May 12, 2021 upon his separation from employment.

40. The IWPCA requires employers to pay the monetary equivalent of all earned vacation to the employee as part of their compensation at their final rate of pay. See 820 ILCS 115/5.

41. Upon his termination, Defendants failed to compensate Plaintiff these wages.

42. Defendants did and continue to withhold this compensation from Plaintiff.

43. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendants and were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek

and were subject to the other illegal pay practices alleged herein.

44. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

45. Defendants employed the named Plaintiff at an hourly rate of pay during the course of his employment.

46. Defendants have, both in the past and presently, willfully employed members of the Plaintiff Class, including the named Plaintiff, and required the named Plaintiff, and all similarly situated members of the Plaintiff Class, to punch in and out using a timeclock.

47. The named Plaintiff and those similarly-situated, were not paid for all time worked.

48. The named Plaintiff and those similarly situated, regularly worked in excess of forty hours per week. In some instances, the unpaid time as described above may have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have worked over forty hours in particular workweeks. In other instances, the unpaid time may have been compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statues herein relied upon.

49. Furthermore, Plaintiffs and all similarly situated members of the Plaintiff class, experienced unauthorized deductions from their paychecks for uniforms, several times per

season. These unauthorized deductions were unlawful and without written authorization by the named Plaintiff and members of the Plaintiff class at the time each deduction was made, as required by law.

## IV. STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

50. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

51. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

52. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count VI of this action is brought by Plaintiffs to recover from Defendants unauthorized deductions taken on or after the date ten (10) years prior to the filing of this action, unpaid accrued, unused vacation pay and retroactive payment of agreed-upon increased hourly wages

earned but not paid. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

53. In addition, Count VII of this action is brought by Plaintiff pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, to recover vacation pay earned and not paid from Defendants.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT

1-53. Paragraphs 1 through 53 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 53 of this Count I.

54. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

55. Defendants have at all times relevant hereto failed to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiffs their reasonable attorneys' fees and costs incurred; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-55. Paragraphs 1 through 55 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 55 of Count II.

56. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

57. Pursuant to the Fair Labor Standards Act, the named Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week, in three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs their reasonable attorneys' fees and Court costs incurred; and

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-57. Paragraphs 1 through 57 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 57 of Count III.

58. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith nor reasonable grounds.

59. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs their reasonable attorneys' fees and costs incurred; and

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV
## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-59. Paragraphs 1 through 59 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 59 of this Count IV.

60. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq*.

61. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of minimum and overtime wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid minimum and overtime wages and for (a)

an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

62. Defendants' failure to pay compensation, as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief it deems just and appropriate under the circumstances.

## COUNT V
## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-62. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 62 of this Complaint, as if fully set forth herein of this Count V.

63. Throughout the course of Plaintiff's and the Plaintiff Class's employment, they had an employment relationship with Defendants, and an employment agreement, established by

the present and prior conduct of the parties evincing their intent to be parties to an employer-employee relationship.

64. During the course of Plaintiff's and the Plaintiff Class's employment, Defendants made deductions from Plaintiff's wages for uniform and shoe costs, several times throughout the season.

65. Such deductions (1) were not required by law; (2) were not to Plaintiff's benefit; (3) were not in response to a valid wage assignment or wage deduction order; and (4) were not made pursuant to a valid and compliant authorization form, signed and dated by Plaintiff.

66. Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiff's wages.

67. Plaintiff was damaged by Defendants' violation of the IWPCA.

68. This Count V is brought as a R. 23 class action, because although the precise number is unknown, the Plaintiff class is no numerous that joinder of their claims would be impracticable. It is estimated that there are at least 100 individuals in the putative class who experienced uniform deductions.

69. The uniform deductions present common questions of law and fact which predominate over variations that exist in the Plaintiff class, and the named Plaintiff's claims as to uniform deductions are typical of those presented by the putative class.

70. Moreover, Plaintiff is appropriate and adequate representatives of the Plaintiff class, and Plaintiff's counsel is competent in the field of wage and hour claims including collective and class actions.

71. Defendants further violated the IWPCA for failure to compensate Plaintiff monetary equivalent of all earned vacation pay as part of his final compensation at his final rate

of pay. Defendants continue to withhold this compensation in violation of the IWPCA.

72. Defendants failed to pay agreed-upon wages to Plaintiff in connection with a raise in Plaintiff's hourly rate in exchange for continued work performed by Plaintiff. Defendants' failure to pay Plaintiff the agreed-upon increased hourly rate despite the Parties' agreement for those wages violated the IWPCA.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages pursuant to the formula set forth in the IWPCA, Section 115/14(a);

(c) ordering Defendant to account for unauthorized deductions to Plaintiff and the class Plaintiffs he represents and entering judgment in Plaintiff's and the Plaintiff class' favor;

(d) directing Defendants to pay to Plaintiff his reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief it deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/23/2022*

_____
John William Billhorn

John W. Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiff, and all other Plaintiffs similarly situated, known or unknown