IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERNARDO BONILLA,** on behalf of himself and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> **NATIONAL CONTAINER GROUP, LLC AND MAUSER USA, LLC D/B/A MAUSER PACKAGING SOLUTIONS,** <br><br> Defendants. | Case No.: 1:22-cv-2727 <br><br> Honorable Judge Nancy L. Maldonado |

**JOINT MOTION FOR COURT APPROVAL OF
SETTLEMENT AND DISMISSAL OF COMPLAINT**

Plaintiff Bernardo Bonilla ("Plaintiff") and Defendants National Container Group, LLC and Mauser USA, LLC ("NCG" or "Mauser" or "Defendants") (collectively, the "Parties"), by and through their respective attorneys, jointly move the Court to approve the settlement entered into by the Parties. In support of this Motion, the Parties state as follows:

1. Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL") and the Illinois Wage Payment and Collection Act ("WPCA") arising out of Plaintiff's employment with NCG. Specifically, Plaintiff alleges that he worked certain hours but was not paid for those hours, did not timely receive a collectively bargained pay raise or his accrued but unused vacation upon termination and was subject to improper deductions for laundering of his work clothes. (Dkt. No. 1.) Defendants denied the allegations and asserted numerous affirmative and other defenses.

2. Defendants' counsel and Plaintiff's counsel have engaged in arms' length settlement discussions, which has resulted in the Parties reaching agreement on the terms of a settlement as reflected in the Settlement Agreement and General Release ("Agreement"), which is attached hereto as Exhibit 1.

3. When an employee asserts a claim against his employer or former employer for wages under the FLSA or the IMWL, any settlement of that claim requires a court to review the settlement for fairness. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (FLSA); *Lynn's Food Stores, Inc. v. U.S.*, 679 1350, 1352 (11th Cir. 1982) (FLSA).

4. The settlement reached by the Parties is fair to the Plaintiff. Plaintiff alleges that he was not paid for hours worked (less than 20 in total), did not timely receive a pay raise negotiated by his union in a collective bargaining agreement with NCG, did not receive all accrued but unused vacation upon termination of employment and did not consent to the deduction of cleaning costs for his company-issued work clothes. However, Defendants contend that Plaintiff was paid for all hours worked, was allowed to use all paid vacation before his termination and voluntarily agreed to deductions for the cleaning costs of his company-issued work shirt and pants. Thus, despite the fact that the Parties disagreed as to whether Plaintiff was entitled to any recovery beyond the retroactive pay raise that was in place for approximately four weeks before he terminated employment, Defendants have agreed to pay Plaintiff the amount stated in the Agreement in exchange for releasing all of his claims against Defendants, including those under the FLSA and IMWL. The Parties have reached a fair compromise of Plaintiff's claims.

5. Accordingly, the Parties submit that the payment Plaintiff will be receiving pursuant to the Agreement fairly and reasonably compensates him for relinquishing any claims that he may have against Defendants.

6. The Parties submit that the Agreement was reached through arms' length negotiations between the Parties, who were all represented by counsel with significant experience with the FLSA, the IMWL and the WPCA.

7. Lastly, Plaintiff's attorney's fees and costs are reasonable because of the issues presented in this case, and the amount of resources dedicated to analysis and prosecution of Plaintiff's claims.

8. Accordingly, the Parties request that the Court approve the Agreement as a fair and reasonable resolution of bona fide disputes over wages under the FLSA, the IMWL and WPCA.

9. Upon approval of the Agreement, the Parties further request the dismissal of this suit, initially without prejudice and converting to one with prejudice within thirty (30) days, with each party to bear its or his own costs and attorneys' fees except as provided for in the Agreement.

WHEREFORE, for the foregoing reasons, Plaintiff and Defendants respectfully request that this Court enter an Order: (i) approving the Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA, the IMWL and WPCA, and (ii) dismissing this suit as set forth above and with each party to bear its or his own costs and attorneys' fees except as provided for in the Agreement.

Dated: February 22, 2023                    Respectfully submitted,

*/s/ Jacqueline H. Villanueva*              */s/ Jeremy J. Glenn*
Jacqueline H. Villanueva                    Jeremy J. Glenn
Farmworker & Landscaper Advocacy Project    Cozen O'Connor
33 N. LaSalle Street # 900                  123 N. Wacker Drive, Suite 1800
Chicago, IL 60602                           Chicago, IL 60606
                                            (312) 474-7981 (Telephone)
John W. Billhorn                            (312) 706-9791 (Facsimile)
Samuel D. Engelson                          jglenn@cozen.com
BILLHORN LAW FIRM                           Attorneys for Defendants National Container
53 West Jackson Blvd., Suite 1137           Group, LLC and Mauser USA, LLC
Chicago, IL 60604
(312) 853-1450
Attorneys for Plaintiff Bernardo Bonilla

## **CERTIFICATE OF SERVICE**

I, Jeremy J. Glenn, an attorney, certify that on February 22, 2023, I caused a true and correct copy of the foregoing ***Joint Motion for Court Approval of Settlement and Dismissal of Complaint*** to be filed with the Court by electronic filing protocols, and that the same will therefore be electronically served upon Plaintiff's Counsel who is registered with the Court's ECF/CM system.

                                                    */s/ Jeremy J. Glenn*
                                                    Jeremy J. Glenn